ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 16 2000
NANCY DOHERTY, CLERK
By _____
    Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLETON "MICKEY" MILLER, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | 3-00CV1311-L |
| § | Civil Action No. _____ |
| ALPHA TECHNOLOGIES, INC., § | |
| a Washington Corporation, and § | |
| COMM/NET, INC., a Nevada § | |
| Corporation, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & REQUEST FOR DECLARATORY JUDGMENT

### A. PARTIES

1.    Plaintiff, Carleton "Mickey" Miller, is an individual who is a citizen of the State of Texas.

2.    Defendant, Alpha Technologies, Inc. ("Alpha") is a corporation that is incorporated under the laws of the State of Washington. It has its principal place of business in the State of Washington. Its registered agent for service of process is Richard Williams. Mr. Williams may be served at: 3767 Alpha Way, Bellingham, Washington, 98225.

3.    Defendant, Comm/Net, Inc., ("Comm/Net"), is a corporation, that is incorporated under the laws of the State of Nevada. On information and belief, Comm/Net has its principal place of business in the State of Nevada and not in the State of Texas. Its registered agent for service of

process is Lionel Sawyer & Collins. This Defendant may be served with process by serving its registered agent at: 50 W. Liberty Street, Suite 1100, Reno, Nevada, 89501.

## B. JURISDICTION

4.   The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. FACTS

5.   Plaintiff brings this claim for a declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. §§2201, 2202.

6.   During August, 1997, Defendant Alpha and its wholly owned subsidiary, Defendant CommNet, negotiated with Plaintiff, while he was in Texas about a job as Regional Vice President. After substantial negotiations, they agreed to the offer letter attached and incorporated herein as Exhibit "A". That agreement was signed by the Plaintiff in Texas.

7.   On or about September 15, 1997, Plaintiff started his employment with the Defendants. While visiting with the Defendants in Washington, on his second day as an employee, they presented him with an agreement regarding confidential information and noncompetition. A true copy of the first noncompetition agreement is attached and incorporated herein as Exhibit "B".

8.   That agreement contained a provision preventing him from entering into employment with a competing business for a period of one (1) year from the date that his employment would

terminate with Defendants. After discussing the matter with the Defendants, Plaintiff executed the agreement which was limited only to twelve (12) competitors. [Lucent Technologies with whom the Plaintiff is now currently employed by was not one of the twelve (12) companies from whom Plaintiff was prevented from working for under that agreement.]

9. While employed as Regional Vice President for the Defendants in the State of Texas, Plaintiff managed sales in the Southwest Region and in performing this job, his duties were carried out in Texas.

10. On or about August 29, 1999, Plaintiff was presented in Texas with a supplemental executive bonus plan and a second nondisclosure and noncompetition agreement, both of which were discussed, negotiated and executed by Plaintiff in the State of Texas. A true copy of the supplemental executive bonus plan and second noncompetition agreement is attached and incorporated herein as Exhibit "C".

11. At all times during the performance of his duties, Plaintiff performed those while in Texas. The second noncompetition agreement (Exhibit "C") was negotiated and executed in Texas. The place of performance was in Texas. The location of the subject matter of the second noncompetition agreement was in Texas.

12. At all times relevant to his employment with Defendants, Plaintiff was a resident and citizen of Texas, and conducted his business in Texas.

13. On or about May 25, 2000, Plaintiff left the employment of Defendants and went to work for Lucent Technologies, Inc., in Mequite, Texas.

14. Plaintiff was sued on June 6, 2000, by Defendants in an action filed in the Superior Court of Washington, Whatcom County, Washington. (Case No. 00200958). The primary purpose of that litigation is to restrain Plaintiff from working for Lucent. That case has been removed to the United States District Court, Western District of Washington at Seattle. (No. 00-1018R).

15. Defendants in that litigation seek to restrain Plaintiff from working for Lucent Technologies in Mesquite, Texas. Plaintff, is currently employed by Lucent, but is not competing and is not in breach of the noncompetition agreements.

16. Defendants seek to restrain Plaintiff from working for Lucent by application of Washington law. If successful in restraining Plaintiff, Defendants will cause him to lose in excess of $75,000.00 in salary alone and an equivalent amount in commissions.

17. The State of Washington has no substantial relationship to the parties or to the transactions contemplated by the noncompetition agreements and there is no other reasonable basis for the application of Washington law. In the alternative, the application of the law of Washington would be contrary to the fundamental policy of Texas which has a materially greater interest than Washington in the determination of the enforceability of the noncompetition agreements.

18. Plaintiff will show that the noncompetition agreements should be interpreted in accordance with Texas law and that they are illegal. Under Texas law they are null and void.

19. Texas has a materially greater interest than does Washington in determining whether the noncompetition agreements are enforceable. The relief that Plaintiff requests will serve a useful

purpose in clarifying and settling the legal relations at issue. When resolved by this Court, it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

### D. REQUEST FOR RELIEF

20.  Plaintiff realleges the preceding paragraphs as fully set forth herein.

21.  A case in controversy has arisen between the parties to the above-captioned lawsuit having adverse legal interests of sufficient immediacy and reality as to warrant the issuance of a declaratory judgment. Plaintiff seeks a Declaratory Judgment holding that:

(a) The noncompetition agreements upon which Plaintiff has been sued by Defendants must be interpreted in accordance and reliance upon applicable Texas law;

(b) Washington is not the proper choice of law to determine the venue and rights of the Plaintiff as those rights are fundamental to the State of Texas;

(c) That the noncompetition agreements are illegal in Texas and, therefore, in accordance with Texas law, they are unenforceable;

(d) In the alternative, the agreements, if proven to be enforceable in total or in part, which is expressly denied by Plaintiff, should be reformed, if that remedy be available, and done so in accordance with Texas law.

22.  If Defendants proceed with their current attempts to restrain Plaintiff based upon noncompetition agreements which are unenforceable in Texas, Plaintiff will be forbidden to work and be a productive citizen of this state. As such, this restraint is illegal in nature and

contrary to the Constitution of the United States of America, the Consitution of the State of Texas, public policy in the State of Texas, common law of this district and the State of Texas.

24.     The Declaratory Judgment prayed for herein seeks relief that will decide a purely legal question that arises in the context of a justiciable controversy presenting other factual issues.

### E. PRAYER

Wherefore, all premises considered, Plaintiff prays for a judgment against Defendants for:

(a) The noncompetition agreements upon which Plaintiff has been sued by Defendants must be interpreted in accordance and reliance upon applicable Texas law;

(b) Washington is not the proper choice of law to determine the venue and rights of the Plaintiff as those rights are fundamental to the State of Texas;

(c) That the noncompetition agreements are illegal in Texas and, therefore, in accordance with Texas law, they are unenforceable;

(d) In the alternative, the agreements, if proven to be enforceable in total or in part, which is expressly denied by Plaintiff, should be reformed, if that remedy be available, and done so in accordance with Texas law;

(e) Reasonable attorneys fees;

(f) Costs of Court; and,

(g) all other relief the Court deems appropriate.

Respectfully submitted,

**LAW OFFICES OF CHRISTOPHER A. KALIS**

By: _____
Christopher A. Kalis
State Bar No. 11080400
2512 Boll Street
Dallas, Texas 75204
(214) 871-6005 - Telephone
(214) 871-6050 - Fax

ATTORNEY FOR PLAINTIFF
CARLETON "MICKEY" MILLER